## NELSON ANDREWS v. NATHAN CARR.

It is the duty of an administrator to contest doubtful claims against the estate of the deceased, and he is not liable to be removed for the reasonable delay in the administration caused by the discharge of this duty.

Held that a delay of five months to petition for a new trial on a judgment, rendered against the estate of the deceased, was not an unreasonable delay.

AN appeal from the Court of Probate of West Greenwich, removing the appellant from the office of administrator on the estate of Christopher Mattison, and appointing Nathan Carr in his place.

*Bowen*, in support of the decree, said that the ground for the removal of the appellant was, that he had neglected the duties of his office and was wasting the assets. Administration upon the estate was first granted in November, 1847, when Mary Mattison was appointed administratrix and continued as such until October, 1849, when the appellant was appointed and continued until July 26, 1851, when the decree was rendered, from which this

appeal was taken.   The estate had been in the course of administration for five years.   At the March term of the Court, 1849, the claims of Nathan Carr and others were submitted under a rule of Court to the award of referees, who reported in March, 1850.   This report was excepted to and confirmed in March, 1851.   It was then the duty of the administrator to have paid off the claims against the estate, or have petitioned for a new trial, but this he did not do, and was therefore removed July 26, 1851, and did not file a motion for a new trial on the award of the referees, until the August Term following.   He also put in evidence to show that the appellant was acting as agent of the heirs of the estate, and had said that the heirs had declared they would rather expend the whole property in litigation than pay a certain claim against the estate ; and that the assets were diminishing in value in his hands.

The appellant put in evidence to show that the assets of Christopher Mattison were appraised at nearly $12,000 shortly after his decease, and his debts at about $4,000.

GREENE, C. J.   This Court is careful in reversing the decrees of the Court of Probate in removing or appointing administrators, because from its position that Court can better judge who is the suitable person for the office. But in this case we can act with a full knowledge of the facts.   The ground for the removal is, that the administrator is negligent and is wasting the assets.   Up to March, 1851, no fault can be found with him.   In contesting the claim of Carr and other claimants, he was but fulfilling the objects of his appointment, one of which is to protect the estate from invalid and doubtful claims. Judgment for these claims was rendered in March, 1851,

and the motion to set aside the judgment was filed in August.  He was not in fault in filing the motion, nor can we say that he was guilty of unreasonable delay, since we do not know that it was more than sufficient to ascertain the grounds for a new trial and the evidence. The claims were doubtful, and it was his duty as administrator and agent of the heirs to interpose every legal objection that industry and care could furnish.  He is not liable to be removed for this, and certainly the creditor whose interest is involved in a contested suit ought not to be appointed.  The threats which he is alleged to have thrown out can hardly be acted upon.  If his conduct has been right, any mere intemperate expressions in which he has indulged are no ground for a removal.

*Decree reversed.*

*Potter and Bradley* for appellant.

*Ames, Cozzens, and Bowen* for Carr.